IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELLIE THOMAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.,<br>a Delaware Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:07-0444<br>)  Judge Trauger<br>)<br>)<br>)<br>) |

## MEMORANDUM

The defendant has filed a Motion to Dismiss Count Three of the Complaint (Docket No. 16), to which the plaintiff has responded (Docket No. 27), and the defendant has replied (Docket No. 28). For the reasons cited herein, the defendant's motion will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff, Shellie Thomas, purchased a WM0642HW front load washer manufactured by the defendant, LG Electronics U.S.A., Inc. ("LG").[1] Ms. Thomas alleges that LG's WM0642HW washing machines contain a design defect, causing a pool of water to remain in the lower portion of the outer tub, in the pump area, or behind the rubber gasket, resulting in a musty odor emanating from the washer. These design defects require Ms. Thomas to rewash clothes, prevent her from using the washing machine until it can be repaired or replaced, and otherwise cause Ms. Thomas to suffer inconvenience and annoyance. The temporary repairs recommended

---

[1] Unless otherwise indicated, the facts have been drawn from the plaintiff's Complaint. (Docket No. 1)

1

by the defendant have been unsuccessful. Ms. Thomas alleges that LG was fully aware of the defect at the time of manufacture and sale of the washing machines yet refuses to issue a national recall and continues to sell the defective product.

Ms. Thomas, on behalf of herself and all others similarly situated, filed this action against LG on April 25, 2007, in the Middle District of Tennessee, alleging three separate claims for relief. (Docket No. 1) Counts One and Two of Ms. Thomas' Complaint allege that LG violated its implied warranty of merchantability as well as its express warranty to provide adequate replacement parts for its WM0642HW washing machines. Count Three alleges that LG violated the Tennessee Consumer Protection Act ("TCPA"), T.C.A. § 47–18–109 (2006), because LG made representations that constitute unfair and/or deceptive business practices. The motion to dismiss is directed at Count Three of the Complaint. (Docket No. 16)

## ANALYSIS

### I. Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002); *Performance Contracting, Inc. v. Seaboard Surety Co.*, 163 F.3d 366, 369 (6th Cir. 1998). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the Federal Rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level. *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, No. 03-5306, 2007 U.S. App. LEXIS 20556, at * 6 (6th Cir. Aug. 28, 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by conclusory assertions. *Twombly*, at 1965 n. 3. Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965; *see also*, *Swierkiewicz,* 534 U.S. at

3

508, n. 1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely"). With this standard in mind, the court turns to an analysis of the plaintiff's TCPA claim.

**II.     Class Action Claims Under the Tennessee Consumer Protection Act**

In Count Three of her Complaint, the plaintiff, on behalf of a class of similarly interested persons, seeks relief under the TCPA. The defendant contends, however, that the TCPA cannot be applied to class actions and, instead, is only available to individual plaintiffs. In relevant part, the TCPA provides:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use of employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, *may bring an action individually* to recover actual damages.

T.C.A. § 47–18–109(a)(1) (2006) (emphasis added). In 1991, the Tennessee General Assembly amended § 47–18–109(a)(1), replacing the language, "may bring an action individually, *but not in a representative capacity*, to recover actual damages," with "may bring an action individually to recover actual damages." *Id*. Unfortunately, there is no legislative history explaining the deletion of "but not in a representative capacity" from § 47–18–109(a)(1).

The Tennessee Supreme Court has not interpreted the phrase "may bring an action individually," as § 47–18–109(a)(1) is presently worded. Accordingly, the court must try "to predict what the [Tennessee] Supreme Court would do if confronted" with the question of whether a class action may be maintained under the TCPA. *Himmel v. Ford Motor Co.*, 342

4

F.3d 593, 598 (6th Cir. 2003). When interpreting statutes under Tennessee law, the Tennessee Supreme Court has observed that the first step of statutory construction is "look to the plain language of a statute and give effect to the ordinary meaning of the words." *State v. Denton*, 149 S.W.3d 1, 17 (Tenn. 2004). This is required because "the legislature purposefully chose each word used in a statute and . . . each word conveys a specific purpose and meaning." *Id.* Courts should only look at legislative history when "the plain language of a statute is ambiguous." *Id.*

Looking at the plain language of the statute itself, § 47–18–109(a)(1) requires that "any person . . . may bring an action individually to recover actual damages." Every legal and English dictionary this court has reviewed supports an interpretation that "individual" refers to a single person instead of a class or group of people. *Black's Law Dictionary* 773 (6th Ed. 1990) ("a single person distinguished from a group or class"); *Am. Heritage Dictionary* 656 (2d Ed. 1985) ("a single human being considered separately from a group or from society); *Merriam-Webster Online Dictionary* (http://www.m-w.com/dictionary) (accessed on November 27, 2007) ("intended for one person").

However, this does not end the analysis. Granting that "individually" refers to a single person as opposed to a group, it nevertheless remains unclear whether the language at issue precludes class actions or whether it simply bars actions brought on behalf of the government by the Attorney General.[2] That is, "may bring an action individually," could, conceivably, allow

---

[2] Plaintiff argues "the caption of § 47–18–109 starts with the words 'individual or private actions'" to support its claim that the statute confers an individual private right of action. However, the caption only states "private right of action." It is completely consistent to argue that § 47–18–109 governs an individual's "private right of action," as opposed to action taken by the Attorney General, yet limits the scope of that private right of action only to individual claimants, not those acting on behalf of a class.

5

both individual and class actions brought by private individuals and exclude only government actions. In this light, the phrase is ambiguous.

Although the Tennessee Supreme Court has not yet addressed the meaning of the phrase in question, at least one Tennessee Court of Appeals has done so, if only in *dicta*. When attempting to predict the meaning of state law, this court "may rely upon analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions. . ." *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988); *see also Hampton v. United States*, 191 F.3d 695, 701-02 (6th Cir. 1999) (authorizing federal courts to consider intermediate state court opinions).

In *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116 n. 9 (Tenn. Ct. App. 2005), the Tennessee Court of Appeals observed that "[t]he Act limits private actions to 'individual' claims" and, "[a]ccordingly, class actions cannot be maintained under the TCPA." *Id*. This is the only clear pronouncement by either the General Assembly or any state court defining what "individual" means under § 47–18–109(a)(1). It is undeniable that this statement is *dicta*. *Tucker* involved a single claimant seeking damages under the TCPA and did not involve any class action. Nevertheless, in diversity cases, the Sixth Circuit has expressly held, "*dicta* can be of value in determining state law." *Swix v. Daisy Mfg. Co.*, 373 F.3d 678, 684 (6th Cir. 2004). Accordingly, in light of the fact that no other Tennessee authority exists, the court will grant the *Tucker* court's language a certain amount of deference.[3]

---

[3] Another panel of the Tennessee Court of Appeals has stated, "Interestingly, § 47–18–109(a)(1) authorizes persons to 'bring an action *individually*', yet Plaintiffs assert this action both individually *and* as representatives on behalf of a class." *Chaffin v. Norwegian*

6

Other courts have reached the same conclusion as *Tucker*.[4] The Eastern District of Michigan, citing the Tennessee Court of Appeals, refused to certify a class action under the TCPA because "[p]laintiffs may only bring an action individually, and not as members of the class, under the TCPA." *Durant v. ServiceMaster Co.*, 208 F.R.D. 229, 233 (E.D. Mich. 2002) (citing *Chaffin,* 1999 WL 188295, at *2 n. 1). Thus, it appears that every published and unpublished opinion that has attempted to interpret § 47–18–109(a)(1), as currently written, has concluded that the statute's language only permits individual claims under the TCPA, not class actions.[5]

The plaintiff argues that, even if § 47–18–109(a)(1) and *Tucker* clearly state the TCPA prohibits class actions, the court should allow class actions under the TCPA as a matter of public policy. In support of her argument, the plaintiff argues, "if indeed TCPA violations may only be addressed by way of individual claims, relatively small harms foisted upon innocent consumers could seldom be litigated by consumers under a private right of action." (Docket Entry No. 27)

---

*Cruise Line Ltd.*, 1999 WL 188295, at *2 n. 1 (Tenn. Ct. App. April 7, 1999) (emphasis in original). While *Chaffin* expressed "no judgment or opinion" regarding its interpretation of § 47–18–109(a)(1), the panel seemed troubled by allowing class certification for TCPA claims. *Id*.

[4] The Sixth Circuit has observed that persuasive decisions from other jurisdictions should be considered when predicting how the Tennessee Supreme Court would interpret the statute. *Welsh*, 844 F.2d at 1245.

[5] Plaintiff cites *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 638 (E.D. Mich. 2000), for the proposition that footnoted dicta should not be considered as persuasive authority in federal courts. However, the *Cardizem* court merely corrected the defendant's assertion that the *dicta* contained in the footnote was the holding of the case and did not hold that *dicta* in a footnote cannot be cited as persuasive authority. In fact, the *Cardizem* court held that the facts in that case were "readily distinguishable from the facts presented" in the case cited by the defendant containing the footnoted *dicta*, meaning the *dicta* simply did not apply to the facts at issue in *Cardizem*.

7

This argument is not persuasive. As the defendant has noted, the TCPA specifically allows for treble damages and the recovery of attorney's fees and costs. *See* T.C.A. § 47–18–109(a)(3), (e)(1) (2006). These provisions should suffice to make meritorious TCPA claims attractive to individual plaintiffs, even if the value of the underlying claim is minimal. While the plaintiff is obviously correct that attorneys will find high-value claims more attractive than low-value claims under the TCPA, that does not remove the TCPA's redress for low-value claims. Federal statutes providing treble damages and attorney's fees offer sufficient incentives that even low-value meritorious claims will be successfully prosecuted. *See Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1025 (11th Cir. 1996) ("even small *individual* claims under RICO can be feasible given the possibility of the award of treble damages and attorneys' fees to successful plaintiffs") (emphasis added).[6] Accordingly, no articulated public policy of the Tennessee General Assembly is undermined if class action claims cannot be pursued under the TCPA.

Since 1991, when the General Assembly removed the "but not in a representative capacity" language from § 47–18–109(a)(1), every court that has interpreted § 47–18–109(a)(1) has either concluded or strongly suggested that class actions cannot be maintained under the TCPA. This court cannot easily ignore the legal conclusions of the Tennessee Court of Appeals in the absence of clear, contrary authority. Accordingly, the court finds, in accordance with the Tennessee Court of Appeals, that "class actions cannot be maintained under the TCPA." *Tucker*, 180 S.W.3d at 116 n. 9. As such, the court need not

---

[6] Although RICO involves a federal remedy and the TCPA involves a state remedy, incentives for pursuing low-value claims are identical under both statutes. Thus, even though federal class actions under RICO have been certified, *see Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004), the class action mechanism is not a prerequisite to pursuing individual low-value RICO claims as long as both attorney's fees and treble damages exist under the statute.

determine whether, if the TCPA permitted class action complaints, the plaintiff's allegations rise to the level of specificity required under Federal Rule of Civil Procedure 9(b).

## **CONCLUSION**

For the reasons stated herein, the Defendant's Motion to Dismiss Count III of Complaint (Docket Entry No. 16) is **GRANTED**. An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge